UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TYREE MOORE,<br><br>          Plaintiff,<br><br>     v.<br><br>NATIONAL TENANT NETWORK, LLC,<br><br>          Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 24-6779 (KMW-EAP)<br><br>MEMORANDUM OPINION AND<br>ORDER |

THIS MATTER comes before the Court by way of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, having reviewed Plaintiff's IFP Application, Plaintiff declares he has no monthly income or expenses. IFP Application ¶¶ 1, 8. Plaintiff further notes that he does not have other liquid assets, and is currently supporting three minor children, ¶¶ 1-8; and

THE COURT FINDING that because Plaintiff does not have any appreciable income, the Court grants the IFP Application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed without prejudice for failing to state a claim.

While the Court has the obligation to construe a pro se litigant's pleadings, it does not require the Court to credit bald assertions or legal conclusions: "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted).

The Court turns to Plaintiff's Fair Credit Reporting Act claims.  While the Fair Credit Reporting Act permits a private right of action pursuant to 15 U.S.C. § 1681s-2(b), it is "not without limitations." *Radley v. Experian Info. Sols., Inc.*, No. 17-2755, 2018 WL 1513576 at *3 (D.N.J. Mar. 26, 2018).  The duties that Plaintiff alleges Defendant failed to perform are only imposed after a furnisher receives notice pursuant to 15 U.S.C. § 1681i(a)(2) which cannot come directly from the consumer. *Id.* A plaintiff must plead that he "sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Id.* Importantly, a plaintiff must allege that a credit reporting agency provided the required notice to a furnisher about the dispute, as it is considered an "essential element" because "only after credit reporting agency notification can the furnisher face any liability to a private individual." *Id.* (internal citation and quotations omitted).

Here, Plaintiff alleges that on February 5, 2024, he sent a dispute letter via certified mail to Defendant, which was received on February 14, 2024. As discussed above, liability can only apply to a furnisher like Defendant once a credit reporting agency notifies it of a dispute.  Plaintiff does not allege any contact with any credit reporting agencies regarding the dispute Defendant.

2

Thus, the Complaint does not assert that the required notice from the credit reporting agencies was given to Defendant that would give rise to Plaintiff's Fair Credit Reporting Act claims.

IT IS HEREBY on this 14th day of June, 2024,

**ORDERED** that Plaintiff's claims against Defendant are **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to further amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that if Plaintiff does not amend his Complaint within 30 days, the Clerk is directed to close the case without further Order from the Court; and

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge

3